**VISITING NURSE AND HOME CARE, INC., Plaintiff,**

v.

**STRATFORD VISITING NURSE ASSOCIATION, INC. and The Southern New England Telephone Company, Defendants.**

**Civ. No. 5:91CV00139 (WWE).**

United States District Court,
D. Connecticut.

May 14, 1991.

---

Charles L. Howard, Michael Hotaling, Shipman & Goodwin, Hartford, Conn., for plaintiff.

Alfred J. Brunetti, Milton F. Smith, Jr., New Haven, Conn., J. Roger Shull, Stratford, Conn., for defendants.

### RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

EGINTON, District Judge.

Plaintiff Visiting Nurse and Home Care, Inc. ("VNA") brings this trademark infringement action against defendants Stratford Visiting Nurse Association, Inc. ("Stratford"), and The Southern New England Telephone Company ("SNET") seeking an injunction against defendants' further unauthorized use of VNA's stylized trademark, to which plaintiff claims an exclusive right of use in interstate commerce. Plaintiff asserts that its stylized VNA trade-

mark is currently registered with both the United States Patent and Trademark Office, and the office of the Connecticut Secretary of State. Although the plaintiff's stylized VNA trademark has been licensed to various health care organizations, it is undisputed that no such licensing has occurred with respect to defendant Stratford. The instant action arises out of plaintiff's desire to estop defendant Stratford from renewing its SNET Yellow Pages' advertisement, which features the stylized VNA trademark.

Jurisdiction of the court is established pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331(a) and 1338(a), as the action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and raises a federal question.

Following three days of hearings the court will grant plaintiff's motion for preliminary injunction, based upon plaintiff's demonstration of the following elements:

1. Irreparable harm has been established by evidence that the holder of the trademark is deprived of control, including the right to license, over the nature and quality of the services that the public associates with the trademark, causing the holder of the trademark to lose good will and increasing its exposure to liability from any misuse of the trademark.

2. Although the plaintiff has not established a probability of success on the merits, it has established the appropriateness of litigation by demonstrating a sufficiently serious question on the merits.

3. The balance of hardship tips decidedly toward the plaintiff. Indeed, defendant Stratford has failed to establish any damages. Defendant Stratford need only change the horizontal or vertical orientation of its logo's "VNA" lettering to avoid trademark infringement with the plaintiff's stylized logo.

4. Plaintiff is required to post a bond of ten thousand dollars. This sum is appro-

priate, taking into consideration expenses associated with any appeal.

5. The parties are to negotiate, in good faith, an agreement which establishes the scope and timing of this preliminary injunction order. If that negotiation does not result in a stipulated order, the parties are to submit, no later than 10 days from the date hereof, respective proposed orders.

SO ORDERED.